**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**JEFFREY A. COLE**
       **Plaintiff,**

**vs.**                                     **Case No. 5:09cv260/RH/MD**

**WARDEN R. P. TIFFT, et al.,**
       **Defendants.**

_____

**REPORT AND RECOMMENDATION**

       Plaintiff, an inmate of the Florida penal system proceeding *pro se*, commenced this action on July 28, 2009 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1), a motion for leave to proceed *in forma pauperis* (doc. 2), a legal memorandum (doc. 3), and a motion for temporary restraining order and/or motion for preliminary injunction (doc. 4).  For the reasons that follow, this case should be dismissed.

       The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As of the date plaintiff filed this civil action,[1] he had previously filed at least three cases in the federal courts which were dismissed as frivolous,

_____

[1] The date of filing of the complaint in this case is July 28, 2009, as indicated by the institutional stamp, initialed by plaintiff, stating that the complaint was provided to prison officials for mailing on that date.  (Doc. 1, p. 1).

malicious, or for failure to state a claim upon which relief may be granted:  *Cole v. Doe,* Case No. 5:08cv138/RS/MD, a civil rights case filed in the Northern District of Florida which was dismissed on June 9, 2008 as malicious; *Cole v. Warden*, Case Number 8:07cv1798, a civil rights case filed in the Middle District of Florida which was dismissed on October 4, 2007 for failure to state a claim upon which relief may be granted; and *Cole v. Gary*, Case Number 9:08cv80374, a civil rights case filed in the Southern District of Florida which was dismissed on September 11, 2008 for failure to state a claim upon which relief may be granted.  In addition, plaintiff's appeal in  *Cole v. Espinosa*, Eleventh Circuit Court of Appeals' Case Number 02-14396 was dismissed as frivolous on December 30, 2002.  Plaintiff was incarcerated at the time of filing each of the foregoing actions.  Each action was dismissed prior to plaintiff filing the instant complaint.

Thus, by the time plaintiff brought the instant action, he knew he had three strikes and could not proceed *in forma pauperis*.  The issue before the court is whether plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, is entitled to proceed *in forma pauperis*.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed *in forma pauperis*. According to the Eleventh Circuit in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true.  *See id.; Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and

provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed pursuant to the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3rd Cir. 2001).

In the instant case, the facts alleged by plaintiff do not show that he is suffering ongoing serious physical injury, or that he is in imminent danger of serious physical injury. Plaintiff complains that prison officials at Gulf Correctional Institution have retaliated against him for filing grievances by confiscating his legal materials and issuing him false disciplinary reports. These allegations do not suggest any threat of serious physical injury. Moreover, although plaintiff asserts that on June 16, 2009, he was moved into a cell with an inmate "known as homosexual who prays on white boys for sex," (doc. 1, p. 11), this allegation is insufficient to establish that plaintiff is presently in imminent danger of serious physical injury, because it describes merely a hypothetical or speculative danger and fails to suggest that any specific threat has been made against plaintiff. *See Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("Luedtke's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the

specificity necessary to show an imminent threat of serious physical injury."); *see also Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. N.Y. Jan. 28, 2008) ("The imminent danger an inmate faces . . . must be real, and not merely speculative or hypothetical."); *Cooper v. Bush*, 2006 WL 2054090 (M.D. Fla. July 21, 2006) ("Plaintiff's vague and conclusory allegations of possible future harm are insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g).").

Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g). Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That all pending motions be DENIED AS MOOT.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 14th day of August, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:09cv260/RH/MD*

## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**